UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

LORENZO BAILEY,

                Plaintiff,

- against -

OFFICER JAMES GRANT, OFFICER
JOSEPH WALSH, OFFICER ESTHARLI
LOPEZ,

                Defendants.
_____X

**MEMORANDUM AND ORDER**
24-CV-6044 (RER) (SJB)

**RAMÓN E. REYES, JR., United States District Judge:**

On August 27, 2024, plaintiff Lorenzo Bailey ("Plaintiff"), who is currently incarcerated at the United States Penitentiary Lee in Virginia, filed this *pro se* false arrest and excessive force complaint seeking damages pursuant to 42 U.S.C. § 1983, alleging that the defendants, New York City police officers, violated his constitutional rights in connection with his August 25, 2018, arrest in Brooklyn, New York. (ECF No. 1).

By Order dated October 17, 2024, the Court granted Plaintiff's *in forma pauperis* application, and Plaintiff was ordered to show cause why the action should not be dismissed as untimely. Plaintiff's submission, dated October 31, 2024, does not address the three-year statute of limitations that bars his action.[1] (ECF No. 8).

---

[1] Plaintiff's response discusses only cases that do not apply to his lawsuit. They do not apply because he was *not* convicted of the offenses with which he was charged. In *Heck v. Humphrey,* the United States Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence *does not accrue [that is, the statute of limitations does not begin to run] until the conviction or sentence has been invalidated.*" *Heck v. Humphrey,* 512 U.S. 477, 489–90 (1994) (emphasis added). The "*Heck* rule for deferred accrual is called into play only when there exists a conviction or sentence that has *not* been invalidated, that is to say, an outstanding criminal judgment." *Wallace v. Kato,* 549 U.S. 384, 393 (2007) (emphasis in original) (alteration and internal quotation marks omitted). Here, the charges against Plaintiff were dismissed; there is no conviction or sentence to be invalidated. Therefore, the *Heck*

As set forth in the prior Order, the Court finds that this action is barred by the statute of limitations. (ECF Order dated 10/17/2024). Plaintiff's excessive force claim accrued at the time of the use of force, that is August 25, 2018, *Perez v. Cuomo,* No. 09-CV-1109 (SLT), 2009 WL 1046137, at *6 (E.D.N.Y. Apr. 17, 2009), and his false arrest claim accrued when he was arraigned, that is May 15, 2019, *Wallace,* 549 U.S. at 388-89. Plaintiff filed this action in 2024, well beyond the three-year statute of limitations that applies to 42 U.S.C. § 1983 actions, and he has alleged no basis for equitable tolling. *Mottahedeh v. United States,* 794 F.3d 347, 352 (2d Cir. 2015).

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as time-barred pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ Ramón E. Reyes, Jr.

_____
Ramón E. Reyes, Jr.
United States District Judge

Dated: Brooklyn, New York
November 20, 2024

---

rule for deferred accrual does not apply.